**ALAN J. HARRIS, PH.D.**
**6944 St. Augustine Road, Suite C**
**Jacksonville, Florida 32217**

_____

**Phone (904) 739-3688    Fax (904) 367-0250**

### FORENSIC PSYCHOLOGICAL EVALUATION

September 20, 2023

Honorable Monte C. Richardson
United States Magistrate Judge
300 North Hogan Street
Jacksonville, Florida 32202
Email: Sharon_Spaulding@flmd.uscourts.gov

RE: Neal Brij Sidhwaney
Case Number: 3:23-cr-122-MMH-MCR
DOB: 09/02/1980
DOE: 9/18/2023

## REASON FOR REFERRAL:

Per the September 11, 2023 sua sponte order of the Honorable Monte C. Richardson, a psychological evaluation was conducted on Neal Brij Sidhwaney in a conference room at the Baker County Detention Center in McClenny, Florida on September 18, 2023. The defendant was charged with one count of transmitting a communication containing a threat to injure or commit violence against another with recklessness on or about July 31, 2023. The purpose of the evaluation was to assess the defendant's competency to stand trial which includes the ability to understand the nature and consequences of the proceedings, and the ability to assist properly in the defense.

## SOURCES OF INFORMATION:

Procedures included a diagnostic interview and history, mental status examination and administration of the Evaluation of Competency to Stand Trial-Revised. Records reviewed include:

1) Supreme Court Police Protective Intelligence Unit Memorandum of Activity on 8/8/23; and
2) Memorandums of Activity of 8/9/2023.

Medical records from Shands Jacksonville have been requested. In addition, this examiner consulted with his parents on the same day as the evaluation.

## INFORMED CONSENT:

The defendant was informed of the purpose of the evaluation and that a report would be submitted to the court with copies provided to his public defender and the U.S. Attorney. After a single explanation he was able to restate the evaluation purpose and acknowledge the limits to confidentiality. Defense counsel Katie Sheldon was present throughout the examination.

## BEHAVIORAL OBSERVATIONS AND MENTAL STATUS EXAMINATION:

Neal Sidhwaney is a 43 year-old balding white male who was wearing glasses and dressed in an orange prison uniform. Intelligence was estimated to fall in the superior range, and the defendant was oriented to person, place and time.  Speech was rather rigid and stilted but thought stream was coherent, relevant and sequential. Despite his denial of all psychotic symptoms (including auditory and visual hallucinations, or delusional thinking,) as the examination continued delusional thought processes became evident. Remote and recent memory was intact. He was a good historian and he was able to recall what he had eaten for dinner the previous evening as well as three random words five minutes post presentation. Concentration was intact and he was able to recite the months of the year backward without difficulty. Affect was restricted and mood self described as despondent. At age fifteen he experienced suicidal ideation, but he denied current suicidal ideation or intent.

## DEVELOPMENTAL AND FAMILY HISTORY:

Birth and early development were unremarkable. During his childhood he did not feel he was emotionally supported by his parents, or that they understand him. Personality as a child was described as energetic. He has no recall of any physical or sexual abuse growing up. In school he was enrolled in advanced classes where he made good grades while playing tennis and setting up a computer lab for the school. There were no behavioral problems and he eventually completed a master's degree in computer science from Cornel University. Single, he has never been married and in January 2023 he moved in with his parents.

## VOCATIONAL HISTORY:

At the time of his arrest he was unemployed, claiming he could not obtain employment due to a discriminatory investigation by a private security firm which allegedly accused him of pedophilia and other crimes. For the last four years he has been unemployed. Prior to that for six weeks he was a computer programmer for Providence Intelligence Services. Prior to that for eight years he was a programmer for Google and won a number of company awards for his achievements.

## MEDICAL AND PSYCHIATRIC HISTORY:

No physical problems were listed. Overall energy level was self rated as high. He denies a history of drug or alcohol abuse. Since being arrested he has gained ten to fifteen pounds. Last July when pulled over by the Nassau County Sheriff's office, he was Baker Acted to Shands Jacksonville. Soon after his release from the hospital he was arrested. Initially he refused to take

2

prescribed medication at the hospital but eventually complied. Hospitalized for three weeks, he was diagnosed with psychosis. At the present time he is stabilized on the antipsychotic Risperdal, but questions the need for psychotropic medication. Since 2004 he has been treated on and off for emotional problems, specifically depression but his last outpatient treatment was in 2018.

According to his parents he believes a private agency has been following him. However, his paranoia began in 2017 when he left Google. Over time the identity of the offending agency has changed from Google to the FBI to the Secret Service to the current security agency.

According to his mother he becomes enraged watching the news which triggers him to write letters and e-mails or make phone calls. According to the defendant he started off complaining to city officials about issues but gradually targeted state and the federal government for his complaints. His mother reported that he has expressed the belief that Google planted a chip in his head and foot. Since arriving home he has been afraid to leave the house, going out only to get coffee and returning home. Sleep is disturbed as he will stay up to three a.m. and then sleep late.

## DIAGNOSTIC IMPRESSION:

F22    Delusional disorder (provisional)
F29    Unspecified schizophrenia spectrum and other psychotic disorder

## COMPETENCY ASSESSMENT:

APPRECIATION OF THE CHARGES OR ALLEGATIONS: Neal Sidhwaney stated he had been charged with "making a threat against a public official." The identified official is Chief Justice John Roberts whom he allegedly contacted by phone call and threatened to kill. The offense he thought on July 31, 2023, but he was not arrested until August 18, 2023 driving back to his parent's house by the Nassau County Sheriff's Department.
RATING: **ACCEPTABLE**

APPRECIATION OF THE RANGE OF POSSIBLE PENALTIES WHICH MAY BE IMPOSED AGAINST THE DEFENDANT: The defendant believes he is facing a maximum sentence of five years incarceration and a $250,000.00 fine. Posting bail was defined as "an act in exchange for financial sum so can be released." He was unable to identify probation as an alternative to incarceration. When on probation he believes one "must follow constraints, no criminal activity." He knew little about probation conditions which is not considered unusual considering his lack of criminal history. If one failed to abide by the rules of probation then "face more charges." If the case was dismissed then "be as if charges were never brought up."
RATING: **ACCEPTABLE**

UNDERSTANDING OF THE ADVERSARIAL NATURE OF THE LEGAL PROCESS: Mr. Sidhwaney understands that his attorney will stand up for him in court and seek the "best possible outcome, interpret the law that is beneficial to myself." He is aware the U.S. Attorney is responsible for prosecuting the case and he would not speak with the prosecutor without his attorney present as," I could say something that could damage my own case." The judge is in charge of the court, decides on guilt or innocence and determines the sentence. A judge is present

3

"to insure the law is interpreted correctly." If there were a jury trial, the jury would, "decide innocent or guilty." Witnesses, "provide testimony regarding their viewpoint" and he recognizes their testimony could benefit either the prosecution or the defense. Evidence provides information "supporting one side." He understands that information could benefit either the defense or the prosecution. If the prosecution made him what they described as a good offer he would, "need to understand the alternatives" and speak with his attorney.
RATING: **ACCEPTABLE**

CAPACITY TO DISCLOSE TO COUNSEL FACTS PERTINENT TO THE PROCEEDINGS AT ISSUE: Neal Sidhwaney understands his attorney was assigned to him, and he recalled having spoken with her three times. He expects that she provide, "qualified counsel, be an expert on my options." His attorney he believes expects "the facts as I know them to be true." Plea options were identified as not guilty, guilty and NGI. The fourth possible choice of no contest was reviewed and later he remembered this choice. A plea bargain was described as, "sentence reductions in exchange for a plea" but he was advised that plea bargains are not a formal process in the federal system. If he had a disagreement with his attorney he would "try to understand why I see things differently" and discuss it with his attorney.
RATING: **ACCEPTABLE**

ABILITY TO MANIFEST APPROPRIATE COURTROOM BEHAVIOR: If an individual refused to abide by the rules of the court then he understands they can be charged with contempt. If he heard a witness for the prosecution tell a lie about him in court he would "mention it to my lawyer." One is allowed to speak in court "when addressed by judge or counsel." There appears to be a low probability of acting out in the courtroom.
**RATE: ACCEPTABLE**

CAPACITY TO TESTIFY RELEVANTLY: If asked by his representative to take the witness stand to testify on his own behalf, he would do so even though he is aware of his right to decline. Perjury was defined as "telling false statements on witness stand" for which a person could "face additional charges." This individual could testify on his own behalf but would try to convince others as to the validity of his delusional belief system.
RATING: **BORDERLINE ACCEPTABLE**

## OPINION REGARDING COMPETENCY TO PROCEED:

While competence to proceed is ultimately a legal issue to be determined by the court, in my professional opinion the defendant meets the minimal standards for competency to proceed. Despite suffering from a severe mental disease or defect, namely delusional disorder with psychosis, he is relatively stable on an appropriate psychotropic medication regimen. He is very intelligent and is able to rationally and factually understand the nature and consequences of the proceedings and is able to properly assist in the defense. It is further my opinion the defendant has sufficient ability to consult with counsel with a reasonable degree of rational as well as factual understanding of the proceedings.

The court should be aware his fixed delusional beliefs have been present for several years.

4

Although his functioning appears to be significantly improved with psychotropic medication, he maintains his paranoid belief system.

Thank you for the opportunity to assist the court in the administration of justice. Should there be further questions or if I can be of additional assistance, please feel free to contact this office.

Alan J. Harris, Ph.D.
Licensed Psychologist

Cc: Kathryn Sheldon, Esquire
    Assistant Public Defender
    200 W. Forsyth Street, Ste. 1240

    Kirwinn Mike, Esquire
    Assistant United State Attorney